V. BLAIR SHAHBAZIAN, SBN 125656
LISA D. NICOLLS, SBN 234376
MURPHY AUSTIN ADAMS SCHOENFELD LLP
304 "S" Street (95811-6906)
Post Office Box 1319
Sacramento, California  95812-1319
Telephone:   (916) 446-2300
Facsimile:   (916) 503-4000
Email:       bshahbazian@murphyaustin.com
Email:       lnicolls@murphyaustin.com

Attorneys for Use-Plaintiff
TURNKEY CONSTRUCTION SERVICES, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| The United States of America for the Use and Benefit of TURNKEY CONSTRUCTION SERVICES, INC., a California corporation,<br><br>        Use-Plaintiff,<br><br>v.<br><br>ALACRAN CONTRACTING, LLC, an Illinois limited liability company, and WESTCHESTER FIRE INSURANCE COMPANY, a Pennsylvania corporation,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR MONEY ON:**<br>**(1) MILLER ACT PAYMENT BOND;**<br>**(2) BREACH OF CONTRACT; AND**<br>**(3) COMMON COUNTS**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW USE-PLAINTIFF TURNKEY CONSTRUCTION SERVICES, INC. ("Turnkey" or "Use-Plaintiff"), a California corporation, and alleges as follows:

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court on Count One is based upon and conferred by sections 3131-3134 of Title 40 of the <u>United States Code</u>, the "Miller Act." Jurisdiction of this Court on Counts Two, Three and Four is based upon supplemental and pendant jurisdiction under 28 U.S.C. §1367.

2. This Court is the proper venue for this action because 40 U.S.C. §3133 requires that all Miller Act suits be brought in the district where the underlying construction project is located, and where the contract in question was performed and executed. The construction project described in this Complaint, and the performance and execution of the contract between Use-Plaintiff and Defendant, occurred within the County of Lassen, and is within the territorial jurisdiction of this Court. Specifically, this action involves that certain federal public works contract for the following: Phase 5 Paving, GS-08P-12-JF-C-0107 at the Sierra Army Depot, in Herlong, California (hereinafter "Project").

## THE PARTIES

3. Use-Plaintiff is a California corporation, doing business within the territorial jurisdiction of the Court and, at all times relevant, was duly licensed as a contractor in the State of California.

4. Use-Plaintiff is informed and believes, and based thereon alleges, that Defendant ALACRAN CONTRACTING, LLC ("Alacran" or "Defendant"), is an Illinois limited liability company conducting business in the State of California and in the above-entitled District as a contractor.

5. Use-Plaintiff is informed and believes, and based thereon alleges, that Defendant WESTCHESTER FIRE INSURANCE COMPANY ("Westchester" or "Surety"), is a corporation authorized to and actually conducting business in the State of California and in the above-entitled District as a surety.

**COUNT ONE**
**(Against Defendants Alacran and Surety On Miller Act Payment Bond)**

6. Use-Plaintiff repeats herein by this reference paragraphs 1 through 5 with the same force and effect as if said paragraphs were set forth in full.

7. Use-Plaintiff is informed and believes, and based thereon alleges, that on or about August 3, 2012, the United States, acting by and through the General Services Administration ("GSA"), Public Buildings Services ("PBS"), Design & Construction Procurement & Admin

MURPHY AUSTIN ADAMS SCHOENFELD LLP
ATTORNEYS AT LAW

SVC ("Owner") and Alacran entered into an agreement for the construction of the Project ("the Prime Contract").

8. Use-Plaintiff is informed and believes, and based thereon alleges, that by virtue of 40 U.S.C. § 3131, *et seq*., that on or about August 6, 2012, Alacran, as principal, and Defendant Westchester, as surety, executed and delivered to the Contracting Officer of the GSA a payment bond, Bond No. K08766733 ("Payment Bond"), wherein Alacran and Surety bound themselves to assume the payment of all claims and all persons supplying labor and materials intended to be used or consumed in the Project.

9. The Payment Bond was conditioned such that the obligation of the Surety would be void if the principal made prompt payment to all persons having a direct relationship with the principal or a subcontractor of the principal for furnishing labor, material or both in the prosecution of the work provided for in the Prime Contract.

10. Use-Plaintiff is informed and believes, and based thereon alleges, that the Payment Bond was duly accepted by the Owner.

11. On or about August 9, 2012, Defendant Alacran and Turnkey entered into a Standard Subcontract Agreement (the "Subcontract"), whereby Turnkey agreed to supply labor and materials to complete the paving repairs and other work as set forth more particularly in the Subcontract, as required to be incorporated into the Project, in exchange for the agreed upon total price of $1,802,300.55. A copy of the Subcontract is attached hereto as Exhibit A.

12. By virtue of the Subcontract, Turnkey furnished and provided labor and materials to Alacran for use in the construction of the Project, and the labor and materials furnished to Alacran by Turnkey were actually used in and about the construction of the improvements of the Project.

13. Turnkey has performed all the terms and conditions of the Subcontract except those it has been prevented or excused from performing, or which were waived, by the acts of Defendant Alacran and/or others.

14. Defendant Alacran breached the Subcontract with Turnkey by failing and refusing to pay the sums due, and/or failing to make timely payments due, to Turnkey despite its repeated

requests. The value of the labor and materials supplied by Turnkey to the Project, and for which Turnkey submitted invoices to Alacran under the Subcontract, total $1,802,300.55, exclusive of interest and attorney fees and costs. Turnkey has received $1,206,020.05 from Defendant Alacran with regard to the Subcontract and the labor and materials incorporated into the Project by Turnkey, and there remains due and owing $596,280.50.

15. Alacran has failed and refused, and continues to fail and refuse, to pay any portion of this amount and there is now due, owing and unpaid the amount of $596,280.50 plus interest and attorney fees and costs. The Subcontract is a written instrument and Alacran's failure to pay Turnkey the amount due thereunder has resulted in Alacran owing a debt to Turnkey, making Turnkey a creditor of Alacran. The Subcontract further provides that if either party thereto employs an attorney to collect damages for the breach of the Subcontract, to institute suit, *inter alia*, the prevailing party shall be entitled to recover its reasonable attorney fees, costs, charges and expenses expended or incurred therein.

16. In accordance with the provisions of the Payment Bond described in 40 U.S.C. §§ 3131-3134, also known as the Miller Act, Defendants Alacran and Surety have become indebted to Use-Plaintiff in the sum of at least $596,280.50 plus interest thereon at the maximum legal rate according to law, attorney fees and costs because of the failure of Defendant to pay Use-Plaintiff for labor and materials incorporated into the Project by Turnkey at Alacran's request. The amount of $596,280.50 has been due since September 19, 2012.

17. Use-Plaintiff has complied with and performed all conditions required to be performed by the Payment Bond and the Miller Act. One year has not elapsed from the date on which Use-Plaintiff last furnished materials to the Project and the date of filing this action. Use-Plaintiff had a direct contractual relationship, and therefore had privity, with Alacran, the prime contractor, and therefore the 90-day preliminary notice is not required.

18. Use-Plaintiff hereby demands a jury trial.

- 4 -                                                    4370.002-1483079.1

COMPLAINT

**COUNT TWO**
**(Against Defendant Alacran for Breach of Contract)**

19. Use-Plaintiff repeats herein by this reference paragraphs 1 through 18 with the same force and effect as if said paragraphs were set forth in full.

20. Use-Plaintiff has performed all of its obligations under the Subcontract, except to the extent its performance was excused or waived.

21. Alacran breached the Subcontract as alleged above in paragraph 14.

22. As a direct and proximate result of Alacran's breach of the Subcontract, Use-Plaintiff has been damaged in an amount to be proven at trial, but not less than $596,280.50, plus interest thereon at the maximum rate allowed by law, attorney fees and costs.

**COUNT THREE**
**(Against Defendant Alacran For Common Counts - Open Book Account)**

23. Use-Plaintiff repeats herein by this reference paragraphs 1 through 22 with the same force and effect as if said paragraphs were set forth in full.

24. Within the last four years, Alacran became indebted to Use-Plaintiff on an open book account for money due in the sum of $1,802,300.55 after deducting all just credits for labor and materials furnished to Alacran by Use-Plaintiff at Alacran's special instance and request and for which Alacran agreed to pay the above sum.

25. Defendant Alacran has paid only the sum of $1,206,020.05, and there is now due, owing and unpaid the sum of $596,280.50, plus interest thereon at the maximum rate allowed by law, attorney fees and costs.

**COUNT FOUR**
**(Against Defendant Alacran For Reasonable Value of Labor and Materials Furnished)**

26. Use-Plaintiff repeats herein by this reference paragraphs 1 through 25 with the same force and effect as if said paragraphs were set forth in full.

27. Within the last three years, Defendant Alacran became indebted to Turnkey in the sum of at least $596,280.50 for the reasonable value of labor, equipment and materials furnished by Turnkey to said Defendant at said Defendant's request.

28. No part of said sum has been paid, and there is now due, owing and unpaid to Turnkey from said Defendant the sum of $596,280.50, together with interest thereon at the maximum rate allowed by law, attorney fees and costs.

WHEREFORE, Turnkey prays for judgment as follows:

### ON COUNT ONE
### (Against Defendants Alacran and Surety)

1. For the principal amount of $596,280.50, together with interest thereon at the maximum rate allowed by law, or according to proof; and,

### ON COUNTS TWO, THREE AND FOUR
### (Against Defendant Alacran)

1. For damages in an amount to be proven at trial but not less than $596,280.50, together with interest thereon at the maximum rate allowed by law, or according to proof; and,

### ON ALL COUNTS
### (Against All Defendants)

1. For reasonable attorney fees and costs of suit herein; and
2. For such other and further relief as the Court deems just and proper.

Dated: August 9, 2013          MURPHY AUSTIN ADAMS SCHOENFELD LLP

By: s/V. Blair Shahbazian
V. BLAIR SHAHBAZIAN
LISA D. NICOLLS
Attorneys for Use-Plaintiff
TURNKEY CONSTRUCTION SERVICES, INC.