MARILYN KLINGER (STATE BAR NO. 83508)
MARILYN.KLINGER@SEDGWICKLAW.COM
Sedgwick LLP
801 South Figueroa Street, 19th Floor
Los Angeles, CA 90017-5556
Tel: (213) 426-6900; Fax: (213) 426-6921

KEVIN P. GILLILAND (STATE BAR NO. 286331)
KEVIN.GILLILAND@SEDGWICKLAW.COM
SEDGWICK LLP
3 Park Plaza, 17th Floor
Irvine, CA 92614-8540
Tel: (949) 949-852-8200; Fax: (949) 852-8282

Attorneys for Defendant
WESTCHESTER FIRE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| The United States of America for the Use and Benefit of TURNKEY CONSTRUCTION SERVICES, INC., a California corporation,<br><br>Use-Plaintiff,<br><br>v.<br><br>ALACRAN CONTRACTING, LLC, an Illinois limited liability company, and WESTCHESTER FIRE INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendants. | Case No. 2:13-cv-01654-TLN-CMK<br><br>**WESTCHESTER FIRE INSURANCE COMPANY'S ANSWER TO USE PLAINTIFF TURNKEY CONSTRUCTION SERVICES, INC.'S COMPLAINT** |

Defendant Westchester Fire Insurance Company, a Pennsylvania corporation, ("Westchester") hereby answers the United States for the use and benefit of Turnkey Construction Services, Inc.'s ("Turnkey") Complaint filed in the above-referenced lawsuit.

**WESTCHESTER'S ANSWER TO TURNKEY'S COMPLAINT**

**JURISDICTION AND VENUE**

1.  Westchester admits the jurisdiction of this Court for Count One is proper. However, Westchester denies the remainder of the allegations set forth in paragraph one on the grounds that Westchester is without sufficient knowledge or information to form a belief as to

| | |
|---|---|
| 1 | the truth of the allegations contained paragraph one, including whether this Court has |
| 2 | supplemental jurisdiction over Counts Two, Three, and Four. |

2. Westchester admits paragraph two.

## **THE PARTIES**

3. Westchester admits Turnkey is a California corporation. However, Westchester denies the remainder of the allegations set forth in paragraph two on the grounds Westchester is without sufficient knowledge or information to form a belief as to the truth of the allegations contained paragraph two.

4. Westchester denies the allegations set forth in paragraph four on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

5. Westchester admits paragraph five.

## **COUNT ONE**

6. Westchester denies the allegations set forth in paragraph six on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

7. Westchester denies the allegations set forth in paragraph seven on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

8. Westchester admits it executed a payment bond, Bond No. K08766733 ("Payment Bond"), wherein Alacran Contracting, LLC ("Alacran") was listed as the Principal. However, Westchester denies the remainder of the allegations set forth in paragraph eight on the grounds that Westchester is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

9. Westchester admits paragraph nine.

10. Westchester denies the allegations set forth in paragraph ten on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

11. Westchester denies the allegations set forth in paragraph eleven on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

12. Westchester denies the allegations set forth in paragraph twelve on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

13. Westchester denies the allegations set forth in paragraph thirteen on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

14. Westchester denies the allegations set forth in paragraph fourteen on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

15. Westchester denies the allegations set forth in paragraph fifteen on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

16. Westchester denies the allegations set forth in paragraph sixteen on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

17. Westchester denies the allegations set forth in paragraph seventeen on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

18. Westchester admits paragraph eighteen.

**COUNT TWO**

19. Westchester denies the allegations set forth in paragraph nineteen on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

///

///

20. Westchester denies the allegations set forth in paragraph twenty on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

21. Westchester denies paragraph twenty-one.

22. Westchester denies paragraph twenty-two.

## **COUNT THREE**

23. Westchester denies the allegations set forth in paragraph twenty-three on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

24. Westchester denies the allegations set forth in paragraph twenty-four on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

25. Westchester denies the allegations set forth in paragraph twenty-five on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

## **COUNT FOUR**

26. Westchester denies the allegations set forth in paragraph twenty-six on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

27. Westchester denies the allegations set forth in paragraph twenty-seven on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

28. Westchester denies the allegations set forth in paragraph twenty-eight on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

///

///

///

## RESPONSE TO THE PRAYER

### ON COUNT ONE

29. Westchester denies the allegations set forth in paragraph one on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

### ON COUNTS TWO, THREE, AND FOUR

30. Westchester denies the allegations set forth in paragraph one on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

### ON ALL COUNTS

31. Westchester denies the allegations set forth in paragraph one on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

32. Westchester denies the allegations set forth in paragraph two on the grounds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

## WESTCHESTER'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CAUSE OF ACTION)

33. The Complaint does not state facts sufficient to constitute a cause of action.

### SECOND AFFIMRATIVE DEFENSE
### (FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES)

34. Turnkey's suit is premature and barred because Turnkey failed to exhaust the administrative remedies set forth, or incorporated into, the alleged contract(s).

### THIRD AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

35. The Complaint is barred by all applicable statutes of limitation, including, but not limited to, that set forth in the Miller Act (40 U.S.C.A. §3131 et. seq.). Pursuant to *Daingerfield*

*Island Protection Society, et al. v. Bruce Babbit, Secretary, U.S. Department of the Interior, et al.* (DC Cir. 1994) 40 F.3d 442, 445, the particular statutes relied upon do not have to be identified in the Answer.

## FOURTH AFFIRMATIVE DEFENSE
## (SET OFF)

36. The alleged failure of Westchester to perform the obligations alleged in the Complaint has been excusable by Turnkey's breach of the alleged contract(s), including, but not limited to (1) failing and/or refusing to perform the work or other obligations under the alleged contract(s) in a timely, proper, complete, and workmanlike manner, (2) causing delays in the completion of the alleged construction project(s), and/or (3) increasing the costs of performing the alleged contract(s). All such breaches have caused Westchester to suffer damages, and all such damages constitute a set off of any amount that Turnkey might be entitled to recover in this lawsuit.

## FIFTH AFFIRMATIVE DEFENSE
## (ACCORD AND SATISFACTION)

37. Turnkey tendered invoices and claim releases to Westchester in exchange for Westchester's acceptance of such claim releases and full and final payment of such invoices; thereby effectuating an accord and satisfaction.

## SIXTH AFFIRMATIVE DEFENSE
## (ADDITIONAL WORK VIOLATED CONTRACT)

38. Any and all extra-contractual work performed by Turnkey was performed without authorization and in violation of the alleged contract(s).

## SEVENTH AFFIRMATIVE DEFENSE
## (EXTINGUISHMENT BY RELEASE)

39. All obligations purportedly due and owing by Westchester have been extinguished by a signed, written release.

///

///

## EIGHTH AFFIRMATIVE DEFENSE
## (UNCERTAINTY)

40. The Complaint is uncertain, ambiguous, and unintelligible. Furthermore, the alleged terms of the alleged agreement(s) and/or contract(s) are so uncertain that no contract(s) was/were actually formed.

## NINTH AFFIRMATIVE DEFENSE
## (PLAINTIFF IS NOT A PROPERLY LICENSED CONTRACTOR)

41. Turnkey cannot recover anything from Westchester because Turnkey is not, and/or was not, a properly licensed contractor.

## TENTH AFFIRMATIVE DEFENSE
## (PLAINTIFF IS NOT AUTHORIZED TO CONDUCT BUSINESS IN CALIFORNIA)

42. Turnkey cannot recover anything from Westchester because Turnkey is not, and/or was not, a corporation authorized to conduct business in the state of California, Turnkey did not obtain the requisite certificate of qualification from the Secretary of State, and/or Turnkey did not file and/or publish the requisite fictitious business name statement.

## ELEVENTH AFFIRMATIVE DEFENSE
## (ESTOPPEL)

43. Turnkey engaged in conduct and/or activities with respect to the subject matters alleged in the Complaint, and by reason of said conduct and/or activities, Turnkey should be estopped, pursuant to the doctrine of estoppel, from asserting any claims for damages and/or seeking any other relief from Westchester.

## TWELTH AFFIRMATIVE DEFENSE
## (LACHES)

44. The causes of action contained in the Complaint, and each of them, are barred by the equitable doctrine of laches, because Turnkey unreasonably delayed in asserting these claims, and said delay has caused prejudice to all of the defendants.

///

///

## THIRTEENTH AFFIRMATIVE DEFENSE

## (UNCLEAN HANDS)

45. Turnkey is barred from recovery in whole, and in part, by the equitable doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

## (ESTOPPEL AND WAIVER)

46. Turnkey is barred from recovery in whole, and in part, by the equitable doctrines of estoppel and/or waiver, because Turnkey unreasonably delayed, and/or intentionally waived, the prosecution of its claims in the Complaint, and said delay has caused prejudice to all defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

## (ADEQUACY OF REMEDY AT LAW)

47. Turnkey must be denied equitable relief, because Turnkey has an adequate remedy at law.

## SIXTEENTH AFFIRMATIVE DEFENSE

## (FAILURE OF CONDITION PRECEDENT)

48. Westchester's allegedly promised performance is not enforceable because an event not certain to occur never occurred, and the non-occurrence of the event was never excused. Consequently, no duty, or duties, if any, under the alleged contract(s) and/or bond are unenforceable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

## (CLAIMS BARRED BY TERMS OF BOND(S))

49. Turnkey's claims are barred by the terms of the alleged bond(s).

## EIGHTEENTH AFFIRMATIVE DEFENSE

## (FAILURE TO GIVE NOTICE)

50. Neither Westchester nor Defendant Alacran received notice from Turnkey, as required by 40 U.S.C. § 3133, *et seq*.

///

## NINETEENTH AFFIRMATIVE DEFENSE

## (PAYMENT)

51. All obligations purportedly due and owing by Westchester and/or any other defendant have been extinguished by virtue of payment by Alacran or other defendants of all amounts and obligations purportedly due and owing.

## TWENTIETH AFFIRMATIVE DEFENSE

## (MISAPPLICATION OF FUNDS)

52. All obligations purportedly due and owing by Westchester and/or any other defendant have been extinguished by virtue of payment by Alacran or other defendants of all amounts and obligations purportedly due and owing, and Turnkey's claims for such amounts and obligations are barred by its own misapplication of funds to other accounts and/or contracts.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

## (BREACH OF DUTY TO CORRECTLY APPLY FUNDS)

53. Turnkey's claims for amounts and obligations purportedly due and owing by Alacran and/or any other defendant are barred by virtue of Turnkey's breach of duty to apply funds received for the project alleged in its Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

## (KNOWLEDGE OF MILER ACT JOB)

54. Turnkey's claims for amounts and obligations purportedly due and owing by Alacran and/or any other defendant are barred by virtue of Turnkey's knowledge that the work alleged in its Complaint arose under the Miller Act, and Turnkey's failure to properly apply funds received for said work.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

## (LACK OF STANDING)

55. Turnkey's claim under the Miller Act is barred as it does not have a right to bring a civil action pursuant to the requirements of 40 U.S.C. § 3133, *et seq*.

///

///

OC/597116v1

9

WESTCHESTER'S ANSWER TO TURNKEY'S COMPLAINT

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
## (DUTY DISCHARGED BY COMPLETE PERFORMANCE)

56. Defendants Alacran and Westchester fully and completely performed and discharged any and all terms, conditions, promises, performances, obligations, and legal duties arising out of the alleged contract(s), including, but not limited to, compliance with all applicable laws, regulations, and ordinances.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
## (DUTY DISCHARGED BY SUBSTITUTED AGREEMENT)

57. Even if defendants Alacran and Westchester owed Turnkey an enforceable duty, or duties, at any time relevant to the allegations in the Complaint, said duty was, or said duties were, discharged by a substituted contract, novation, or accord entered into between the parties.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
## (DUTY DISCHARGED BY SUBSEQUENT PERFORMANCE)

58. Even if defendants Alacran and Westchester owed Turnkey an enforceable duty, or duties, at any time relevant to the allegations in the Complaint, said duty was, or said duties were, discharged by a subsequent performance.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
## (ALL DUTIES DISCHARGED BY MUTUAL RECISSION)

59. Even if defendants Alacran and Westchester owed Turnkey an enforceable duty, or duties, at any time relevant to the allegations in the Complaint, the parties agreed to discharge all the remaining unexecuted duties of the other.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
## (NON-OCCURRENCE OF CONDITION SUBSEQUENT)

60. At all times relevant to the allegations in the Complaint, the allegedly promised performance of defendants Westchester or Alacran was never enforceable, because of the occurrence, or the excused occurrence, of an event, the occurrence of which was not the result of a breach of defendant Westchester's and/or defendant Alacran's duty of good faith, terminated defendant Westchester's and/or defendant Alacran's duty to perform under the alleged contract.

WESTCHESTER'S ANSWER TO TURNKEY'S COMPLAINT

Consequently, defendant Westchester's and defendant Alacran's duties, if any, under the alleged contract(s) are unenforceable.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
### (TURNKEY BREACHED)

61. At all times relevant to the allegations in the Complaint, Turnkey failed and/or refused to perform its obligation(s) under the alleged contract(s), and its failure and/or refusal was not excused, waived, or released.

### THIRTIETH AFFIRMATIVE DEFENSE
### (WAIVER OF BREACH)

62. Turnkey waived all of defendant Alacran's and/or Westchester's material breaches, if any, under the alleged contract(s).

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (PERFORMANCE EXCUSED)

63. Turnkey excused all of defendant Alacran's and/or Westchester's obligations, if any, under the alleged contract(s).

### (RESERVATION OF RIGHTS RE FUTURE AFFIRMATIVE DEFENSES)

64. Westchester asserts any and all applicable affirmative defenses not specifically set forth herein. At this time, Westchester does not have sufficient knowledge or information on which to form a belief as to whether it may have additional, unstated affirmative defenses available. Accordingly, Westchester hereby reserves the right to assert additional affirmative defenses in the event that future discovery and/or other factors indicate that such additional affirmative defenses would be appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Westchester prays for relief as follows:

///

///

///

///

1. That Turnkey take nothing by reason of this Complaint;

2. That judgment be entered in favor of Westchester;

3. That the Complaint be dismissed with prejudice;

4. That Westchester be awarded all costs and fees incurred in defending this lawsuit including, but not limited to, attorney's fees; and

5. That Westchester be awarded all further relief that the Court deems just and proper.

DATED: September 17, 2013

                            Sedgwick LLP

                            By: /s/ Kevin Gilliland
                                Marilyn Klinger
                                Kevin P. Gilliland
                                Attorneys for Defendant
                                WESTCHESTER FIRE INSURANCE COMPANY