UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The United States of America for the Use and Benefit of TURNKEY CONSTRUCTION SERVICES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALACRAN CONTRACTING, LLC, an Illinois limited liability company, and WESTCHESTER FIRE INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendant. | No. 13-cv-01654 TLN-CMK<br><br>**ORDER** |

This matter is before the court on Defendant Alacran Contracting, LLC's ("Defendant") motion to compel arbitration.[1] (See Def.'s Am. Mot. to Compel Arbitration, ECF 13.) Plaintiff Turnkey Construction Services, Inc. ("Plaintiff") does not oppose the motion to the extent that it seeks to compel arbitration, but "does oppose any attempt by Alacran to have the arbitration heard in any location other than in the Eastern District of California." (Pl.'s Opp'n to Def.'s Am. Mot. to Compel Arbitration, ECF 16 at 1:28-2:1.)[2]

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

[2] Both Defendant's motion and Plaintiff's opposition note a preference that this case be stayed pending arbitration, as opposed to dismissed. (Compare ECF 11-1 at 5:12-13 with ECF 16

1

1    Plaintiff represents in its opposition that it received a letter from defense counsel on
2    September 13, 2013, demanding arbitration in Rockford, Illinois. (Id. at 2:2-3.) Plaintiff
3    maintains that, pursuant to Ninth Circuit authority, the Federal Arbitration Act—the statute under
4    which Defendant brings its motion—"only confines arbitration to the district in which the petition
5    to compel is filed." (Id. at 3:13-14 (citing Textile Unlimited, Inc. v. A..BMH and Co., Inc. 240
6    F.3d 781, 785 (9th Cir. 2001).) Plaintiff maintains that the locus of the dispute underlying the
7    arbitration is Lassen County, California, and "[a]ll of the witnesses, including laborers, suppliers
8    and truckers used by Turnkey on this project, as well as the representatives of the owner who can
9    confirm that Turnkey completed its work timely and in compliance with the project requirements,
10   are located in Northern California, or just over the California/Nevada border in Reno, Nevada."
11   (Id. at 4:4-7.) Plaintiff insists that "cases in the Ninth Circuit interpreting the location of
12   arbitrations ordered under the FAA dictate that the arbitration take place in the 'district in which
13   the petition for an order directing such arbitration is filed.'" (Id. at 4:18-20 (citing 9 U.S.C. § 4
14   and Textile Unlimited, 240 F.3d at 785).)

15   In its reply, Defendant argues that Plaintiff "requests that the Court help it to evade the
16   arbitration clause's venue provision by ordering arbitration in a different venue than the venue the
17   parties specified in their agreement." (Def.'s Reply in Support of Am. Mot to Compel
18   Arbitration, ECF 18 at 1:28-2:1.) Defendant maintains that the cases relied on by Plaintiff for its
19   contention that arbitration must take place in the district where the order compelling arbitration
20   issues are inapposite. Defendant asserts that the court should enforce the venue provision of the
21   contract, which indisputably provides that arbitration "shall be conducted in Rockford, Illinois,"
22   in accordance "with the Construction Industry Arbitration Rules of the American Arbitration
23   Association." (Decl. of Dai Bui, ECF 16-1, Ex. A.)[3]

24   ///
25   ///

---

26   at 2:10-12.) Therefore, this is not a disputed issue and the court will stay the case as opposed to
27   dismissing it pending arbitration.
     [3]   Because there is no dispute that this matter should be referred to arbitration, the court does
28   not discuss the legal contours of the Federal Arbitration Act or the allegations in the complaint.

Defendant is correct in noting that the cases Plaintiff relied on are inapposite. First, Plaintiff relies on Continental Grain Co. v. Dant & Russell, 118 F.2d 967 (1941), which did ultimately hold that arbitration "proceeding shall be within the district in which the petition for the order directing the arbitration is filed." Id. at 968. The court reasoned that, because the appellant, the party that filed the petition for arbitration in the district court, "invoked jurisdiction of a court other than that specified" in the underlying arbitration agreement, it was "hardly in a position to complain" that the arbitration take place in the jurisdiction it filed its petition and not in the location referenced in the underlying agreement. Id. at 969. The instant case is distinguishable, however, in that it is not Defendant—the party seeking to enforce the terms of the agreement—but rather Plaintiff, who invoked this court's jurisdiction by preemptively filing suit in a jurisdiction apart from that set forth in the agreement. Here, Plaintiff hauled Defendant into this Court by filing this action notwithstanding the arbitration and venue provisions contained in the very contract underlying Plaintiff's complaint.

Second, Plaintiff relies on Textile Unlimited Inc. v. A..BMH and Company, Inc., 240 F.3d 781 (9th Cir. 2001), which considered "the proper venue for a suit *to enjoin an arbitration*," not a motion to compel arbitration filed by a defendant in a civil contract case. Id. at 783 (emphasis added). In Textile, arbitration began in Atlanta, Georgia—the location the venue provision in the arbitration agreement specified—and plaintiff "did not object to the arbitration within the time provided by" the American Arbitration Association ("AAA") rule. Id. at 784. Plaintiff subsequently filed an action "in the United States District Court for the Central District of California to enjoin the arbitration." Id. The district court enjoined the arbitration and defendant appealed. Id. In the instant case, contrary to Plaintiff's position, however, the issue on appeal was not whether a court may enforce an arbitration clause's venue provision, but rather whether venue over plaintiff's suit for injunctive relief was proper in the Central District of California pursuant to 28 U.S.C. § 1391.[4] Id. The court held that venue over Plaintiff's suit was proper because "nothing in the Federal Arbitration Act requires that [plaintiff's] *action to enjoin*

---

[4] The defendant in Textile argued that venue in a motion to enjoin an arbitration could only lie where the venue provision in the agreement dictates.

*arbitration* be brought in the district where the contract designated the arbitration to occur." Id. at 784.

Textile is distinguishable for two important reasons. First, this is not an action to enjoin a currently pending arbitration; this is an action filed by Plaintiff asserting a claim for breach of the very contract containing the arbitration clause among other similar claims. Second, the issue here is not whether venue properly lies in this district—there is no dispute that venue is proper in this district. Rather, here, the pertinent issue is whether the court should enforce the arbitration agreement's venue provision when it calls for arbitration in a location outside of the district in which the action is currently pending.

The Ninth Circuit has yet to rule on this specific issue. See Sovak v. Chugai Pharm. Co., 280 F.3d 1266, 1271, n.1 (9th Cir. 2002) ("Sovak does not challenge the district court's order compelling arbitration. Therefore, we express no view as to whether the district court properly compelled arbitration in Chicago, even though the federal action was filed in California.") The 5th Circuit, however, in a case with facts substantially similar to the instant case, issued a reasoned opinion addressing this specific issue. See Depuy-Busching General Agency, Inc. v. Ambassador Insurance Co., 524 F.2d 1275 (5th Cir. 1975). Depuy was an "appeal from the United States District Court for the Southern District of Mississippi directing the parties to proceed with arbitration in North Bergen, New Jersey, in accordance with the terms of a contract into which they had entered." Id. at 1276. As is the case here, in contravention of the venue provision in the underlying arbitration agreement, plaintiff filed suit in a location separate from that designated in the contract, seeking to revoke its agreement to arbitrate. Id. Defendant subsequently moved "the court for an order directing that such arbitration proceed in the manner provided for in" the agreement; that is, in the venue provided for in the agreement. Id.

The appellate court found that allowing a party to sidestep a forum selection clause by filing suit in a district other than that specified in the agreement "would create a procedural trap by which a party to an arbitration agreement might be deprived of its contractual right to arbitration at the location specified in the agreement." Id. at 1277-1288. As such, the court held

that "where the party seeking to avoid arbitration brings a suit for injunctive relief[5] in a district other than that in which arbitration is to take place under the contract, the party seeking arbitration may assert its section 4 right to have the arbitration agreement performed in accordance with the terms of the agreement." Id. at 1278.

Here, the court finds the Depuy reasoning persuasive. Specifically, because Plaintiff, not Defendant, invoked this court's jurisdiction—apparently in an attempt to avoid arbitration in Illinois—the court may enforce the terms of the arbitration agreement, including the forum selection clause. Surely, as the court held in Depuy, this court has jurisdiction to enforce the terms of the very agreement that forms the basis of the claims Plaintiff asserts in the complaint that invoked this court's jurisdiction.

Plaintiff's position would also encourage forum shopping.[6] That is, any party to a negotiated arbitration agreement containing a venue provision[7] could do exactly what Plaintiff did in the instant case: file suit the district most favorable to it and subsequently agree to arbitrate in order to avoid the agreed upon location specified in the forum selection clause. Such an

---

[5] The court notes that, in the instant case, Plaintiff is not seeking injunctive relief but rather asserts contractual claims. This is a distinction without a difference. The pertinent analogous fact is that Plaintiff in the instant case, as did Plaintiff in Depuy, filed suit in a district outside of the location specified in the arbitration agreement and now seeks to avoid some aspect of that agreement.

[6] Indeed, Plaintiff's conduct in the instant case smacks of forum shopping. Plaintiff entered into an arms-length agreement with Defendant to arbitrate any dispute arising from the contract in Rockford, Illinois. When a dispute arose, Plaintiff filed suit in this district where, according to its president, it would be much more convenient to litigate. (Decl. of Dai Bui, ECF 16-1.) Indeed, in its opposition, Plaintiff goes to great lengths to describe why arbitration in this district would be more convenient. (ECF 16 at 4:3-17.) Mere convenience, however, is not a sufficient reason to abrogate the express terms of the agreement. Moreover, in its opposition, Plaintiff concedes that this dispute is subject to arbitration, but insists that arbitration must take place in the district in which it filed suit. Apparently, Plaintiff knew prior to filing this suit that the dispute at issue is subject to arbitration, but preferred to arbitrate in its desired location, and therefore filed suit in the district it believed to be most favorable in hopes that it could circumvent the forum selection clause it previously assented to. To condone such conduct would be antithetical to the purpose of the FAA—to enforce arbitration agreements.

[7] The court does not hold that a party to an arbitration clause with a venue provision will be forced into arbitration in the specified forum in every instance. For example, a party can file suit in any jurisdictionally appropriate district and not be compelled to arbitrate if that party can demonstrate that the arbitration agreement is an unconscionable contract of adhesion.

interpretation of the FAA would seriously undermine the strong public policy in favor of enforcing arbitration agreements. See Marmet Health Care Center, Inc. v. Brown, 132 S.Ct. 1201, 1203 (2012) (explaining that the FAA "requires courts to enforce the bargain of the parties to arbitrate" and "reflects an emphatic federal policy in favor of arbitral dispute resolution.")

Based on the foregoing, the court GRANTS Defendant's motion to compel arbitration, and, in accordance with the express and undisputed terms of the arbitration agreement, orders that arbitration occur in Rockford, Illinois. This matter is hereby stayed pending resolution of the arbitration in accordance with 9 U.S.C. § 3.

Dated: December 10, 2013

Troy L. Nunley
United States District Judge